UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOLLY O'HARA and BRANDY SILAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAG PHARMACEUTICALS, INC.,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 23-cv-10487-ADB<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiffs Molly O'Hara and Brandy Silas, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), bring claims arising out of Defendant Amag Pharmaceuticals, Inc's ("AMAG") marketing and sale of the prescription drug Makena. See generally [ECF No. 1-1 ("Complaint" or "Compl.")]. Now pending before the Court are Plaintiffs' Motion for Remand, [ECF No. 13], and Defendant's Motion to Transfer, [ECF No. 8]. For the reasons set forth below, the Motion for Remand, [ECF No. 13], is DENIED, and the Motion to Transfer, [ECF No. 8], is GRANTED.

I.   **BACKGROUND**

   A.   **Procedural History**

Plaintiffs filed their Complaint in Massachusetts state court on December 27, 2022. [Compl. at 39]. Defendant removed the action to this court on March 2, 2023, asserting diversity jurisdiction, including under the Class Action Fairness Act of 2005 ("CAFA"). [ECF No. 1 at 3–6].

The parties then filed the present motions, each seeking to have this case heard in a different court.  First, on March 3, 2023, Defendant moved to transfer the case to the District of New Jersey, [ECF No. 8], and then, on March 17, 2023, Plaintiffs moved to remand to Massachusetts state court, [ECF No. 13].  Plaintiffs opposed the motion to transfer, asserting that because Defendant "has failed to meet its burden of establishing federal jurisdiction[,] [] this case should be remanded[,] . . . [and] Defendant's Motion to Transfer should be denied as moot." [ECF No. 16 at 1].  Defendant in turn opposed Plaintiffs' motion to remand. [ECF No. 17].

### B. Background Facts[1]

AMAG, a biopharmaceutical company that manufactures and sells medications, holds the exclusive marketing rights for Makena, a drug targeted at preventing preterm births.  [Compl. ¶¶ 1, 11].  Plaintiffs generally allege that AMAG engaged in unfair and deceptive practices, in violation of Mass. Gen. Laws Ch. 93A, §§ 2, 11, [id. ¶ 156], by continuing to market and sell Makena when they knew it was ineffective and unsafe, [id. ¶ 1].  As explained below, at issue in the present motions is whether AMAG was a citizen of Massachusetts at the time that this action was removed to this Court in March 2023.  See infra.

Until November 2020, AMAG's headquarters was in Waltham, Massachusetts (the "Waltham Office").  [ECF No. 17 at 3].

In November 2020, AMAG was acquired by Covis Group S.à.r.l. ("Covis"), a global pharmaceutical company with its U.S. headquarters in Berkeley Heights, New Jersey (the "New Jersey Office").  [Compl. ¶ 36]; see also [id. at 8 n.18.]

---

[1] For the purposes of this motion, the facts are drawn from the complaint and evidence the parties have proffered in support of their jurisdictional arguments.  See Egan, Flanagan & Cohen, P.C. v. Twin City Fire Ins. Co., 570 F. Supp. 3d 12, 14 (D. Mass. 2021) ("[I]n making its [jurisdictional] determination, the Court is not . . . constrained to the allegations in the complaint, and may consider affidavits and other relevant materials.").

When Covis acquired AMAG, AMAG's then-officers left the company. [ECF No. 17 at 3–4]. By March 2023, when Defendant removed the case to this Court, AMAG had three new officers, none of whom worked in Massachusetts: President and Chief Executive Officer Michael Porter worked remotely, mainly from Switzerland and occasionally from Miami; Secretary Francesco Tallarico worked remotely from Toronto; and Chief Financial Officer Ozgur Kilic worked out of the New Jersey Office. [Id. at 4]. In addition, Sandy Loreaux, the U.S. President of Covis who is not an AMAG officer, but has signatory authority for AMAG and runs AMAG's day-to-day operations, worked out of both Covis's Pennsylvania office and the New Jersey Office. [ECF No. 1-2 at 3].

AMAG still has the Waltham Office and through it, maintains some connections to Massachusetts. First, there are employees in the Waltham Office who report to department heads outside of Massachusetts. [ECF No. 17 at 5]. For example, the highest-ranking employee working from the Waltham Office is a vice president, and he reports to the Chief Innovation Officer, who resides in New York and reports to the New Jersey Office. [ECF No. 17-1 at 3–4]. Second, AMAG's 2022 Annual Report, filed with the Massachusetts Secretary of State ("Annual Report"), lists the Waltham Office as AMAG's principal office, as well as the address for its three corporate officers. [ECF No. 14 at 3–4]. Finally, in March 2023, AMAG's and Makena's websites listed only the Waltham Office as an address for AMAG but did not state it was their headquarters. [ECF No. 15-2 at 2–3].

## II. MOTION FOR REMAND

### A. Legal Standard

When a defendant seeks to remove an action filed in state court to a federal court, the defendant must establish that the federal court has original jurisdiction over the case. See 28

U.S.C. §§ 1441(a), 1446(a); Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010); In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig., 76 F. Supp. 3d 321, 327 (D. Mass. 2015) ("As the removing parties, Defendants bear the burden of establishing federal jurisdiction."). Removal statutes are "strictly construed and any doubts about the propriety of removal are resolved in favor of remand to the state forum." Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941)).

Original "[f]ederal diversity jurisdiction is available in cases arising between citizens of different states in which the amount in controversy exceeds $75,000." Rizzi v. 178 Lowell St. Operating Co., 180 F. Supp. 3d 66, 67 (D. Mass. 2016) (citing 28 U.S.C. § 1332(a)). Regarding the requirement that the parties be from different states, "[d]iversity jurisdiction 'requires complete diversity between the plaintiffs and the defendants in an action.'" Id. (quoting Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008)). In other words, "the state of citizenship for each plaintiff must be different from that of each defendant." Debarros v. Areas USA Bos., LLC, No. 17-cv-11095, 2017 WL 3013253, at *1 (D. Mass. July 14, 2017).

In the removal context, diversity of citizenship is determined "at the date of removal instead of the date on which the complaint was filed." Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 40 (1st Cir. 2016) (citing Casas Office Mach., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 673 (1st Cir. 1994)). Moreover, where, as here, the civil action is "removeable . . . on the basis of [diversity] jurisdiction under 28 U.S.C. § 1332(a)," the action "may not be removed [on those grounds] if any [defendant] is a citizen of the State in which such action is brought." 28

U.S.C. § 1441(b).[2]  Thus, this case cannot be removed from Massachusetts state court, and would have to be remanded, if AMAG was a citizen of Massachusetts at the time the remand motion was filed.  See id.

B.      DISCUSSION

A corporation, like AMAG, is a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1); see Celli v. Greenwich Ins. Co., 478 F. Supp. 3d 93, 95–96 (D. Mass. 2020) ("A corporation's citizenship, for diversity jurisdiction purposes, is both the state where it is incorporated and the state 'where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)(1))).[3]  In Hertz, the Supreme Court defined "principal place of business" as the corporation's "nerve center," or "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  559 U.S. at 92–93; see also Harrison, 811 F.3d at 41–42 (explaining that a corporation's principal place of business is located where owners, though perhaps "hands off in day-to-day decisions," "exercise[d] 'ultimate' control over" the corporation by setting "policy and goals").

---

[2] Defendant also claims federal diversity jurisdiction by virtue of CAFA.  [ECF No. 1 at 5–7]. Plaintiffs do not contest that the amount in controversy or the 100-plaintiff requirement of CAFA are met here.  [ECF No. 17 at 2 n.2]; 28 U.S.C. §§ 1332(d)(5), 1332(d)(6).  They do, however, seem to contest whether CAFA's diversity standard is satisfied, that is that "any member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2), on the same grounds they contest complete diversity.  [ECF No. 14 at 2].  Thus, the Court does not separately analyze diversity jurisdiction under CAFA.

[3] It is uncontested that AMAG is incorporated under the laws of Delaware, and is thus a citizen of Delaware for diversity jurisdiction purposes.  [ECF No. 14 at 2–3].  It is also uncontested that the amount in controversy requirement is met.  See [ECF No. 14].

The Supreme Court in Hertz recognized that "in this era of telecommuting, some corporations may divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet." 559 U.S. at 95–96. That said, "[the Court's] test nonetheless points courts in a single direction, toward the center of overall direction, control, and coordination." Id. at 95. Here, for purposes of the remand motion, the burden is on AMAG to demonstrate "by competent proof" that its principal place of business is not in Massachusetts. See id. at 96–97.

As explained above, AMAG's "nerve center" is the place where its "officers direct, control, and coordinate the corporation's activities." Hertz, 559 U.S. at 92–93. Here, Plaintiffs concede that, at the time this case was removed, no AMAG officer worked in Massachusetts. [ECF No. 14 at 4]. Rather, all three of AMAG's officers, [ECF No. 17 at 4], either worked remotely or in cities without an AMAG office, [id.], or out of the New Jersey Office, [id.].[4] In addition, Covis' U.S. President, responsible for running the day-to-day operations of AMAG, also does not work out of the Waltham Office, but works out of the New Jersey Office part-time. [ECF No. 1-2 ¶ 7]. In sum, there is no evidence that AMAG's officers, or even the employee who directs its day-to-day activities, "direct, control, and coordinate the corporation's activities" from Massachusetts. Hertz, 559 U.S. at 92–93.

Although Plaintiffs argue that several facts weigh in favor of finding Massachusetts is AMAG's nerve center, none change the Court's analysis here. First, although AMAG's 2022 Annual Report lists the Waltham Office as AMAG's principal office, "representations" made by

---

[4] Plaintiffs do not assert that Mr. Kilic's declaration is incorrect about where AMAG's officers operate, and courts in this district have found a corporate officer's affidavit to be sufficient proof for jurisdictional purposes. See Pettit v. AngioDynamics, Inc., No. 21-cv-10568, 2021 WL 4441261, at *3 (D. Mass. Sept. 28, 2021).

a corporation in its "annual reports or . . . documents filed with a secretary of state that indicate the location of a corporate headquarters" are not "bind[ing]" on a court seeking to determine a corporation's principal place of business. Transp. & Storage Sols. Inc. v. KLT Indus., Inc., No. 13-cv-40137, 2014 WL 5320174, at *3 (D. Mass. Oct. 17, 2014) (noting that public records that indicate a corporation's "business address" are "insignificant to diversity jurisdiction for the purposes of 28 U.S.C. § 1332"). Second, the listing of a Massachusetts address on AMAG's and Makena's websites is not enough to make Massachusetts the nerve center. See Hertz, 599 U.S. at 96 (explaining how "if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York."); see also Vitalife Inc. v. Keller Med., Inc., No. 20-cv-1490, 2021 WL 424222, at *2–3 (D.P.R. Feb. 8, 2021) (finding an employee's declaration was competent proof that a company's nerve center was California despite its own website stating that its "main offices" were in Puerto Rico.). Third, simply maintaining the Waltham Office in Massachusetts, even if it has several employees, does not make it the nerve center. See Hertz, 559 U.S. at 95 (rejecting multi-factor tests in determining a corporation's "nerve center" in part because focusing on factors such as where a majority of employees work leads to judicial inefficiency).

In sum, where no officer directed, controlled, or coordinated any activities from Massachusetts in March 2023, the Court finds that Massachusetts is not AMAG's nerve center, and that AMAG is therefore not a citizen of Massachusetts. Hertz, 559 U.S. at 92–93. Thus, the Motion to Remand, [ECF No. 13], is DENIED.[5]

---

[5] Plaintiffs request that they be allowed jurisdictional discovery to determine, for example, (1) where the non-Massachusetts AMAG employees are located, (2) what positions are held by

### III. MOTION TO TRANSFER

Because the case will not be remanded, the Court turns to whether it should be transferred to the District of New Jersey.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This section "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). A case "might have been brought" in a forum where the subject matter jurisdiction, personal jurisdiction, and venue requirements are satisfied. 28 U.S.C. § 1404(a).

Here, Defendant argues that "[j]udicial economy, consistency in adjudication, the interests of justice and the convenience of the parties and witnesses all mandate transfer." [ECF No. 8 at 2]. In particular, Defendant avers that transfer is appropriate because there are six other class-action lawsuits with "nearly identical" allegations and claims that have been consolidated in the District of New Jersey, and that transfer will avoid duplicated efforts on the part of the parties and the courts. [ECF No. 12 at 1–3].

---

the employees in the Waltham office, (3) whether the Waltham Office is AMAG's largest office by head count, (4) how much AMAG has paid in taxes in Massachusetts since its acquisition by Covis, and (5) where AMAG typically holds its board meetings. [ECF No. 14 at 4–5]. As an initial matter, several of these questions were answered in Kilic's declaration, see [ECF No. 17–1], and Plaintiffs do not appear to contest those answers. In any event, the Court finds that there are sufficient facts on this record to determine that AMAG's officers do not "direct, control, and coordinate the corporation's activities" from Massachusetts and will therefore not grant jurisdictional discovery prior to transfer. Hertz, 559 U.S. at 92–93.

Defendant also avers that this case could have been brough in New Jersey because (1) AMAG's principal place of business is in New Jersey, making it subject to personal jurisdiction there and venue lies there as well, and (2) subject matter jurisdiction is proper in the District of New Jersey because there is complete diversity of citizenship and the amount in controversy is satisfied. [ECF No. 12 at 12–13].

Plaintiffs do not address these arguments, and instead aver that transfer is inappropriate because the case should be remanded. [ECF No. 16 at 1]. As Defendant's motion is effectively unopposed,[6] the Court finds that the case should be transferred for largely the reasons stated in Defendant's memorandum. See generally [ECF No. 12].

## IV.   CONCLUSION

Accordingly, the motion to remand, [ECF No. 13], is DENIED and the motion to transfer, [ECF No. 8], is GRANTED.

**SO ORDERED.**

October 27, 2023                                      /s/ Allison D. Burroughs
                                                     ALLISON D. BURROUGHS
                                                     U.S. DISTRICT JUDGE

---

[6] Even if Plaintiffs' remand argument that Massachusetts is AMAG's principal place of business was considered in opposition to the motion to transfer, [ECF No. 14 at 3], establishing that New Jersey is in fact AMAG's principal place of business is not necessary because Defendant can consent to personal jurisdiction and venue in New Jersey. See Neifeld v. Steinberg, 438 F.2d 423, 427 (3d Cir. 1971) ("Want of personal jurisdiction and lack of venue can be waived by consent or conduct of the defendant.").